UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH C. FARMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CV2389 HEA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's applications.

### **Facts and Background**

Plaintiff was 53 years old at the time of the hearing. He finished high school. He had two years of college at the junior college level. Plaintiff had been employed at Anheuser Busch brewery for 25 years. While employed there the Plaintiff handled coal, did maintenance, and restroom sanitation. The ALJ found Plaintiff had the severe impairments of "residuals of left hand injury". The ALJ

found that he did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1. The ALJ made inquiry of whether any occupation existed in significant numbers for a hypothetical person of Plaintiff's age, education, and work experience who could perform light work except that he would be limited to a ten pound lifting maximum with the left hand, could only occasionally handle and perform gross manipulation with the left hand, and occasionally finger and perform fine manipulation with his left hand. Considering the testimony in response to that inquiry the ALJ determined that Plaintiff retained the RFC to perform light work, but was limited to a ten-pound lifting maximum with the left hand, and could only occasionally perform handling, gross manipulation, fingering, and fine manipulation with the left hand. The ALJ also found that Plaintiff's impairments would not preclude him from performing work that exists in significant numbers in the national economy, including work as a callout operator (57,220 jobs nationally and 610 jobs in Missouri), a furniture rental consultant (85,828 jobs nationally and 1,495 jobs in Missouri) or tanning salon attendant (21,280 jobs nationally and 290 jobs in Missouri). There was also testimony from the vocational expert that there were also jobs as a bus monitor or surveillance system monitor which did not require grasping or holding anything at all with the hands. Therefore, the ALJ

found that Plaintiff was not disabled. The Appeals Council denied his request for review and the ALJ's decision stands as the final decision for review by this court.

## Statement of Issues

The general issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. Here the specific issues are whether the ALJ appropriately considered the opinion evidence of record, properly determined Plaintiff's RFC, and whether the vocational expert's testimony constitutes substantial evidence that Plaintiff could perform work that exists in significant numbers in the national economy.

## Standard To Determine Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists

in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); McCoy, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); McCoy, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior

work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." Id. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

## ALJ Decision

The ALJ utilized the five-step analysis as required in these cases. Here the ALJ determined at Step One, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of October 30, 2010 through his date last insured of December 31, 2010. The ALJ found at Step Two that Plaintiff had the severe impairments of residuals of left hand injury.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that met or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520 (d), 404.1525, 404.1526.

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff as the ability to perform light work (lifting and carrying 20 pounds occasionally and ten pounds frequently; sitting six hours out of eight; and standing/walking six hours out of eight) as defined in 20 CFR 404.1567 (b) except that he will be limited to a ten pounds lifting maximum with the left hand; he will occasionally be able to handle/perform gross manipulative activities with his left hand; and he will only occasionally be able to finger/perform fine manipulative activities with his hand.

At Step Four it was the finding of the ALJ that Plaintiff was unable to perform any past relevant work.

Finally, at Step five, the ALJ found, considering Plaintiffs' age, education, work experience, and residual functional capacity, that Plaintiff could perform other work that existed in significant numbers in the national economy. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought in his Applications.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after

reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

**Discussion**

A. Did the ALJ Properly consider the Medical Opinions of Record?

The essence of Plaintiff's position on this query is that the ALJ did not assign controlling weight to the opinion of Dr. Lowder. The record notes that Dr. Lowder was the treating physician of Plaintiff. Plaintiff also asserts that the ALJ improperly interpreted the opinion of Dr. Panattoni, who treated Plaintiff after the relevant period in the case.

It is axiomatic that "[a] treating physician's opinion is given controlling weight if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in

[a claimant's] case record." *Tilley v. Astrue*, 580 F.3d 675, 679 (8th Cir. 2009 (quoting 20 C.F.R. § 404.1527(d)(2))(alteration in original). "[S]uch an opinion does not automatically control because the [ALJ] must evaluate the record as a whole." *Wagner v. Astrue*, 499 F.3d 842, 849 (8th Cir. 2007). Having said that, "'an ALJ may grant less weight to a treating physician's opinion when that opinion conflicts with other substantial medical evidence contained within the record." *Id*. (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1013-14 (8th Cir. 2000)); see also 20 C.F.R. § 404.1527(d) (listing factors to be evaluated when weighing opinions of treating physicians, including supportability and consistency).

The record reflects that the opinion of Dr. Lowder was that Plaintiff had some extreme limitations present in his left hand since October 30, 2010. This was the opinion in June of 2012. The ALJ notably considered Plaintiff's inability to grasp or hold objects but also upon review noted that findings were inconsistent with medical records and treating physician's notes at the date last insured. "It is permissible for an ALJ to discount an opinion of a treating physician that is inconsistent with the physician's clinical treatment notes." *Davidson*, 578 F.3d at 843. Examinations during the relevant period indicate that after surgery, Plaintiff's left hand revealed normal range of motion in his remaining three fingers, normal strength and grip, and no bony tenderness to palpation.

As to his suggestion regarding Dr. Panattoni, the record reflects that the ALJ accorded Panattoni "significant weight". In his opinion Dr. Panattoni noted Plaintiff could perform "repetitive motion" and would need 30 minutes of rest after 2 hours of repetitive motion. The ALJ limited Plaintiff to only occasional or fine manipulation with his left hand.

The ALJ limitation of Plaintiff to lift only 10 pounds is consistent with sedentary work and consistent with substantial evidence in the record. There are no other severe limitations applicable to Plaintiff. Upon reviewing those employment aspects available for Plaintiff The ALJ determination that Plaintiff could perform work in the national economy was/is supported by substantial evidence.

B. Is Plaintiff's RFC Supported by Substantial Evidence?

Social Security Ruling 96-8p requires that a residual functional capacity "include a narrative discussion describing how the evidence supports each conclusion." SSR 96-8p. Here, the ALJ provided the narrative by summarizing Plaintiff's treatment notes, the objective medical evidence of record, opinion evidence, Plaintiff's self-reported activities, and various credibility factors in assessing Plaintiff's RFC. Since the narrative plainly explains each conclusion by referencing evidence in the record, the statement satisfies all requirements imposed by SSR 96-8p. The ALJ's RFC is, therefore, supported by substantial evidence.

C. Did the ALJ Properly Determine Plaintiff Could Perform Other Work?

Upon inquiry at the hearing the vocational expert observed under the facts of the hypothetical that the individual could work as a furniture consultant or tanning salon attendant. The question allowing for the conclusion was properly phrased with all attendant requisites. The ALJ arrived at a RFC finding including all credible impairments.

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 30th day of October, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE